THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Paul Sanchez,<br><br>Plaintiff,<br>v.<br><br>City of South Salt Lake, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:26-cv-00620-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Pending before the court is Defendants' Motion to Dismiss filed by Defendants City of South Salt Lake, Danielle Croyle, and S Redden.[1] As set forth herein, the undersigned recommends that it be denied without prejudice as moot.

Defendants filed their Motion to Dismiss on July 30, 2026. A day after Defendants filed their Motion, Plaintiff Paul Sanchez who is proceeding pro se, filed a First Amended Complaint.[2] Federal Rule 15(a) provides that a party "may amend its pleading once as a matter of course no later than … 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[3] The filing of an amended complaint moots any motions to dismiss aimed at a now-inoperative pleading.[4]

[1] Motion to Dismiss, ECF No. 15. This matter is referred to the undersigned from District Judge Robert J. Shelby pursuant to 28 U.S.C. § 636(b)(1)(B).

[2] First Amended Complaint, ECF No. 17.

[3] Fed. R. Civ. P. 15(a)(1)(B).

[4] *See Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (explaining that an amended pleading moots any motions to dismiss aimed at an inoperative pleading); *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded.").

**RECOMMENDATION**

Accordingly, based upon the foregoing, the court recommends finding Defendants' now superseded Motion to Dismiss as moot and therefore it should be denied without prejudice.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 3 August 2026.

Dustin B. Pead
United States Magistrate Judge